SUSAN N. ACQUISTA (SBN 253969)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone.: 619-699-2700
Facsimile: 619-699-2701
susan.acquista@dlapiper.com

ANN K. FORD (DC Bar No. 341479, *pro hac vice* application pending)
JOHN M. NADING (DC Bar No. 981625, *pro hac vice* application pending)
DLA PIPER LLP (US)
500 8th Street, NW
Washington, DC 20004
Telephone.: 202-799-4000
Facsimile: 202-799-5000
ann.ford@dlapiper.com
john.nading@dlapiper.com

Attorneys for Plaintiffs
STAG'S LEAP WINE CELLARS, LLC AND
STE. MICHELLE WINE ESTATES LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAG'S LEAP WINE CELLARS, LLC, a California Limited Liability Company, and STE. MICHELLE WINE ESTATES LTD., a Washington Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation; TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation, D/B/A STAGS' LEAP WINERY; and TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation, D/B/A WINE WORLD ESTATES,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR 1) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (UNDER 15 U.S.C. § 1125(a)); 2) FEDERAL FALSE ADVERTISING (UNDER 15 U.S.C. § 1125(a)); 3) STATE FALSE ADVERTISING (UNDER CAL. BUS. & PROF. CODE § 17500); 4) STATE UNFAIR COMPETITION (UNDER CAL. BUS. & PROF. CODE § 17200); 5) FEDERAL TRADEMARK DILUTION (UNDER 15 U.S.C. § 1125(c)); 6) STATE COMMON LAW TRADEMARK INFRINGEMENT; AND 7) ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR UNFAIR COMPETITION, FALSE ADVERTISING, DILUTION AND ACCOUNTING

1   Plaintiffs Stag's Leap Wine Cellars, LLC ("SLWC") and Ste. Michelle Wine

2 Estates Ltd. ("SMWE") (SLWC and SMWE, collectively, "Plaintiffs"), by and

3 through the undersigned counsel, hereby file this Complaint for Unfair Competition

4 and False Designation of Origin, False Advertising, Dilution, and an Accounting

5 against Defendants Treasury Wine Estates Americas Company ("TWE"), Treasury

6 Wine Estates Americas Company d/b/a Stags' Leap Winery ("SLW"), and Treasury

7 Wine Estates Americas Company d/b/a Wine World Estates ("WWE") (TWE,

8 SLW, and WWE, collectively, "Defendants"), and aver as follows:

9         **<u>INTRODUCTION TO THIS ACTION</u>**

10   1.  This case is about actions deliberately taken by Defendants in order to

11 mislead and confuse consumers and the trade in violation of the law and California

12 public policy.  Defendants aim to dupe wine consumers into associating their new

13 'The Stag' wine product with the world-renowned, luxury Cabernet Sauvignon

14 wines from the prestigious Stags Leap District and Napa Valley appellations.  'The

15 Stag' misleadingly co-opts the very heart of the Stags Leap name, its winemaker,

16 and imagery.  It even shamelessly adopts the apocryphal legend of the area in an

17 obvious attempt to create an impression in the minds of consumers that they share a

18 common source.

19   2.  But 'The Stag' is not a Stags Leap or Napa wine.  Rather, the product

20 is a spurious knock-off sourced from cheaper, lower-quality grapes from a different

21 appellation.  Defendants could have picked from an infinite number of possible

22 names and logos for this new product, and, indeed, market and sell a variety of

23 wines under different brand names.  This begs the question why, here, Defendants

24 would use 'The Stag' name and a pen-and-ink drawing of a stag but for the

25 connection with the Stags Leap and Napa appellations and their famous wineries.

26   3.  Defendants' intent with their new 'The Stag' wine product is utterly

27 transparent: Exploit the prestige of the Stags Leap District and Napa Valley

28 appellations (and in turn, their famous wineries), mislead consumers, and be passed

off as the real thing.  Plaintiffs accordingly bring this action for false designation of origin, unfair competition, false advertising, and dilution under applicable federal and state law.

## THE PARTIES, JURISDICTION, AND VENUE

4.     SLWC is a California limited liability company with a principal place of business at 5766 Silverado Trail, Napa, California 94588.

5.     SMWE is a Washington corporation with a principal place of business at 14111 N.E. 145th Street, Woodinville, Washington 98072.

6.     Upon information and belief, TWE is a Delaware corporation with a principal place of business at 610 Airpark Road, Napa, California 94558.

7.     Upon information and belief, TWE's related company, Treasury Wine Estates, is one of the world's largest wine companies and is listed on the Australian Securities Exchange.

8.     Upon information and belief, SLW is a "doing business as" ("d/b/a") name for TWE with a principal place of business at 6150 Silverado Trail, Napa, California 94588.

9.     Upon information and belief, SLW is a winery in the Stags Leap District of Napa Valley, California.

10.    Upon information and belief, TWE owns SLW.

11.    Upon information and belief, WWE is another d/b/a name of TWE with a principal place of business at 2000 Main Street, St. Helena, California 94574.

12.    Upon information and belief, WWE is the vintner and bottler of Defendants' Goods under the STAG Name (defined below).

13.    This is an action for unfair competition and false designation of origin under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, federal false advertising under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), accounting under 15 U.S.C. § 1117, trademark

-2-

infringement under California common law, false and misleading statements under California Business & Professions Code § 17500, and unfair competition under California Business & Professions Code § 17200.

14. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, federal unfair competition pursuant to 15 U.S.C. § 1125(a), federal false advertising pursuant to 15 U.S.C. § 1125(a), and federal dilution pursuant to 15 U.S.C. § 1125(c).

15. The Court has supplemental jurisdiction over the claims of Plaintiffs arising under the laws of the State of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims of Plaintiffs under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16. The Court has personal jurisdiction over the Defendants consistent with the principles underlying the United States Constitution and the State of California because, among other things, Defendants are located and transact business in California.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are located and transact business in Napa County, California, which is where a substantial part of the events or omissions giving rise to the claims occurred and are occurring.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## STAG'S LEAP WINE CELLARS (SLWC)

18. SLWC is one of the world's most highly-regarded wine estates. It was founded in 1970 and is considered a Napa Valley first-growth estate.

19.    SLWC is located below the rocky promontory of the Stags Leap Palisades, so named because of the legend of the stag who successfully eluded hunters by leaping to freedom across the district's landmark peaks.

20.    In 1976, SLWC won the Cabernet Sauvignon category in a blind tasting staged by Steven Spurrier, an English wine merchant in Paris.  Spurrier owned an innovative wine shop and adjacent wine school in the center of Paris, had been recently introduced to California wines, and was curious to see how those newcomers would fare against French wines made from the same grape varietals.

21.    The blind tasting was judged by French wine experts with impeccable credentials.  It pitted American wines against French wines.  The results were unthinkable: The 1973 SLWC S.L.V. Cabernet Sauvignon was judged the best.  The Napa Cabernet had bested four top-ranked Bordeaux wines, including Château Mouton-Rothschild and Château Haut-Brion.

22.    The event was chronicled in *TIME* Magazine and became known as the 'Judgment of Paris.'  The Judgment of Paris had a revolutionary effect that changed the world's view of Napa Valley wines forever and put Napa Valley 'on the map' as a world-class wine region.

23.    The white wine competition at the Judgment of Paris subsequently became the subject of a major motion picture in 2008 titled *Bottle Shock*.  A second full-length feature film about the red wine competition and SLWC is currently in production.

24.    A bottle of the history-making 1973 S.L.V. Cabernet Sauvignon was placed in the permanent collection of the Smithsonian's National Museum of American History in 1996.  In 2013, the Smithsonian named the 1973 S.L.V. Cabernet Sauvignon one of the "101 Objects that Made America."

25.    In honor of the 40th anniversary of the Judgment of Paris earlier this year, SLWC released the 2013 vintage of its iconic S.L.V. (an acronym for 'Stag's Leap Vineyard') Estate Cabernet Sauvignon with a commemorative label

-4-

1   replicating the original 1973 S.L.V. Cabernet Sauvignon which took top honors

2   among the red wines at the historic 1976 Paris tasting.

3       26.    SLWC has a long history of receiving high acclaim from the most

4   important wine critics and trade publications, including *The Wine Advocate, Wine*

5   *Spectator, Wine Enthusiast, and Wine & Spirits Magazine.*  Since 2010 alone, the

6   winery has received seventy-three (73) separate wine ratings of ninety (90) points

7   or more from these publications.  The 2012 vintage (the most recent vintage for

8   which wine ratings are available for these products) of SLWC's three estate

9   Cabernet Sauvignons (CASK 23, FAY, and S.L.V.) earned exceptional scores from

10   *The Wine Advocate*, receiving 96 points, 94 points, and 92 points.  And barrel

11   samples of the 2013 vintage (the most current in the market) of CASK 23, S.L.V.

12   and FAY again earned outstanding marks from *The Wine Advocate* of 97+ points,

13   96 points, and 95 points, respectively.

14       27.    In 2013, SLWC was named "United States Wine Producer of the

15   Year" at the prestigious 2013 International Wine & Spirits Competition in London,

16   the same night SLWC's 2010 CASK 23 was awarded "Best Cabernet Sauvignon"

17   at the Cathay Pacific International Wine & Spirits Competition in Hong Kong.

18       28.    SMWE proudly accepted the stewardship of SLWC and its legacy in

19   2007, acquiring majority ownership in a joint venture partnership that owns and

20   operates SLWC.  SMWE is also the exclusive national wholesale distributor of

21   SLWC wines (the "Plaintiffs' Goods") in the United States and the master

22   distributor of such goods internationally.

23       29.    Plaintiffs use in interstate commerce and own the famous and

24   distinctive trademarks STAG'S LEAP WINE CELLARS, STAG'S LEAP

25   VINEYARDS, and Standing Stag Design (collectively, the "STAG'S LEAP

26   Trademarks"), for wine (the Plaintiffs' Goods).  Since at least as early as 1974,

27   Plaintiffs and their predecessors-in-interest have continuously used the STAG'S

28   LEAP Trademarks in interstate commerce, which have become famous and iconic.

A true and correct copy of images of Plaintiffs' Goods with the STAG'S LEAP Trademarks are attached hereto as **Exhibit 1**.

30.     Plaintiffs have all the rights, benefits, and interests of their predecessors in connection with and arising out of the STAG'S LEAP Trademarks, including all intellectual property rights therein.

31.     Plaintiffs have duly and properly registered the Standing Stag Design in the United States Patent and Trademark Office ("USPTO") on the Principal Register.  Plaintiffs, through their predecessors-in-interest, filed a federal trademark application for the Standing Stag Design for wines in International Class 33, on January 28, 1993, with a claimed date of first use at least as early as October 1974 and first use in commerce at least as early as November 26, 1974.  This registration issued on September 28, 1993 as Registration No. 1795197.  A true and correct copy of the United States Certificate of Registration No. 1795197 and TSDR printout from the official website of the USPTO are attached hereto as **Exhibit 2**. The Standing Stag Registration is valid and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

32.     Plaintiffs are also the owners of two pending United States trademark applications for the word mark STAG'S LEAP WINE CELLARS and STAG'S LEAP WINE CELLARS & Standing Stag Design, which SLWC filed for wine in International Class 33 on August 1, 2016, with a claimed date of first use at least as early as October 1974 and first use in commerce at least as early as November 26, 1974.  These applications were assigned Serial Nos. 87122945 and 87122954, respectively.  A true and correct copy of TSDR and TESS printouts from the official website of the USPTO for United States Trademark Applications Serial Nos. 87122945 and 87122954 are attached hereto as **Exhibit 3**.

33.     Under a 1985 Consent to Use and Register Agreement between the Parties' predecessors-in-interest, Defendants are bound not to challenge in any way

1   any use of the STAG'S LEAP Trademarks by Plaintiffs.  A true and correct copy of
2   the Consent to Use and Register Agreement is attached hereto as **Exhibit 4**.

3        34.    Plaintiffs have used their STAG'S LEAP Trademarks continuously on
4   or in connection with the Plaintiffs' Goods in interstate commerce.

5        35.    Plaintiffs have extensively used the STAG'S LEAP Trademarks and
6   have advertised, promoted, and offered the Plaintiffs' Goods under the STAG'S
7   LEAP Trademarks in interstate commerce through various channels of trade.  As a
8   result, the customers and potential customers of Plaintiffs, and the trade and public
9   in general, have come to know and recognize the STAG'S LEAP Trademarks as
10  identifying the Plaintiffs' Goods as goods of the highest quality offered by
11  Plaintiffs, and associate the STAG'S LEAP Trademarks with the Plaintiffs' Goods.
12  Plaintiffs have thus built up extensive and invaluable goodwill in connection with
13  the offering of their goods offered under the STAG'S LEAP Trademarks.

14       36.    The STAG'S LEAP Trademarks are well-known and famous among
15  the general public as signifying the Plaintiffs' Goods, and have been famous since
16  long before Defendants began engaging in the complained of conduct in this
17  Complaint.

18       **The Stags Leap District and Napa Valley American Viticultural Areas**

19       37.    The Stags Leap District, located in the eastern part of Napa Valley,
20  was established as an American Viticultural Area ("AVA") in 1989, and is the first
21  viticultural area in the United States to be approved on the distinctiveness of its
22  soils.

23       38.    The Stags Leap District, roughly a mile wide and three miles long, has
24  a distinct physical identity as a "valley within a valley," with the Stags Leap
25  Palisades on the east, the Napa River on the west, the Yountville Cross Road on the
26  north, and low-lying flatlands on the south.

27       39.    The Stags Leap District AVA is located entirely within the Napa
28  Valley AVA.

COMPLAINT FOR UNFAIR COMPETITION, FALSE ADVERTISING, DILUTION
AND ACCOUNTING

40.     The Stags Leap District AVA is world-renowned for its Cabernet Sauvignon as well as its breathtaking beauty.

41.     According to the popular, widely-known legend, the origin of the Stags Leap District's name is rooted in the story of a stag who successfully eluded hunters by leaping to freedom across the area's landmark peaks.

42.     The use of "Stags Leap" or similar terms in any manner on or in association with wine not from the Stags Leap District or Napa Valley AVA is prohibited under California Business & Professions Code Section 25241,which creates private causes of action under California Business & Professions Code Section 17200 and the federal Lanham Act.  The Legislative intent of Section 25241 is clear:

> "(1) The Legislature finds and declares that for more than a century, Napa Valley and Napa County have been widely recognized for producing grapes and wine of the highest quality.  Both consumers and the wine industry understand the name Napa County and the viticultural area appellations of origin contained within Napa County (collectively 'Napa appellations') as denoting that the wine was created with the distinctive grapes grown in Napa County.
>
> (2) The Legislature finds, however, that certain producers are using Napa appellations on labels, on packaging materials, and in advertising for wines that are not made from grapes grown in Napa County, and that consumers are confused and deceived by these practices.
>
> (3) The Legislature further finds that legislation is necessary to eliminate these misleading practices.  It is the intent of the Legislature to assure consumers that the wines produced or sold in the state with brand names, packaging materials, or advertising referring to Napa appellations in fact qualify for the Napa County appellation of origin."

Cal. Bus. & Prof. Code § 25241.

-8-

43.     As a result:

"[n]o wine produced, bottled, labeled, offered for sale or sold in California shall use, in a brand name or otherwise, on any label, packaging material, or advertising, any of the names of viticultural significance listed in subdivision (c) . . . (1) Napa.  (2) Any viticultural area appellation of origin established pursuant to [Federal Regulations] that is located entirely within Napa County.  (3) **Any similar name to those in paragraph (1) or (2) that is likely to cause confusion as to the origin of the wine**."

Cal. Bus. & Prof. Code § 25241(3)(b) & (c) (emphasis added).

**Defendants**

44.     Defendants' Stags' Leap Winery (SLW) was founded in the early 1970s by a predecessor of TWE.

45.     Upon information and belief, SLW produces luxury wines sourced, as required by California law, from grapes within the Stags Leap District and/or Napa Valley AVA.

46.     The Parties, through their predecessors-in-interest, have coexisted for several years in the United States after years of litigation between their predecessors-in-interest in California State Courts and before the United States Trademark Trial and Appeal Board that were resolved over thirty years ago.

47.     SLWC and SLW have managed to co-exist and vigorously compete in the marketplace during this time because both are luxury wine brands sourced from Stags Leap District and/or Napa Valley AVA grapes as required by Cal. Bus. & Prof. Code § 25241.

**Defendants' THE STAG Wine**

48.     Defendants have recently adopted and begun using the trademark THE STAG (the "STAG Name") for wine (the "Defendants' Goods").  Defendants also use the STAG Name in connection with the image of a stag.

-9-

49.     Defendants' wine product bearing the STAG Mark carries an appellation of origin of the North Coast AVA, and not either the Stags Leap District or Napa Valley AVA.

50.     Defendants' action to introduce a new product under the STAG Name upsets the long-established balance between the Parties and its policy implication for the protection of the public, not least because of Defendants' deliberate misleading of the public as to the appellation of the Defendants' Goods offered for sale under the STAG Name, which creates a false and misleading association with the Stags Leap District and Napa Valley AVAs.

51.     If allowed to persist with the STAG Name, Defendants would compete not on a level field with other Napa Valley wineries utilizing Napa-sourced grapes, but unfairly compete ('cheat') with a non-Napa Valley sourced wine falsely and misleadingly affiliated with the Stags Leap District and Napa Valley AVAs, and, in turn, the Parties' luxury Napa Valley wines.

52.     Defendants effectively attempt an end-run to circumvent Cal. Bus. & Prof. Code § 25241, and the Parties reasoned co-existence for thirty years, by exploiting and cheapening the prestige associated with Plaintiffs' Goods, Defendants' own SLW, and the Napa Valley and Stags Leap District AVAs by introducing a product with a similar name, imagery, and story—but with sourcing from a less expensive and less prestigious AVA.  This misleads consumers as to the source and authenticity of Defendants' Goods under the STAG Name and would allow Defendants to compete in the market for Stags Leap and Napa Valley AVA wines at a lower price point without providing consumers the value associated with those AVAs.

53.     The Defendants' Goods are in direct competition with the Plaintiffs' Goods, and both are and will be sold in the same or similar trade channels and target the same and similar consumers.

COMPLAINT FOR UNFAIR COMPETITION, FALSE ADVERTISING, DILUTION AND ACCOUNTING

54.     Defendants use of the STAG Name is nearly identical and confusingly similar to the name of the Stags Leap District AVA in appearance, sound, meaning, and commercial impression.

55.     Defendants use of the STAG Name creates a false and misleading connection to the Stags Leap District and/or Napa Valley AVAs and to Plaintiffs' STAG'S LEAP Trademarks and Plaintiffs' Goods.

56.     Set out below are images of the front and back labels for Defendants' new brand under the STAG Name; specifically, two Certificates of Label Approval ("COLA"), which issued from the United States Department of the Treasury's Alcohol and Tobacco Tax and Trade Bureau ("TTB") on July 12, 2016 ("Image A") and August 8, 2016 ("Image B"), as well as a third slightly edited version that Defendants shared with Plaintiffs on or around August 11, 2016 ("Image C") (the front labels are the same for all three):

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

COMPLAINT FOR UNFAIR COMPETITION, FALSE ADVERTISING, DILUTION AND ACCOUNTING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Front**











**Image A**

**Image C**

**Image B**

A true and correct copy of Defendants' two COLAs and third label is attached hereto as **Exhibit 5**.

57.     Not only are Defendants using the STAG Name on wine, but Defendants are using it specifically on Cabernet Sauvignon – the very same red wine grape varietal internationally renowned from the Stags Leap District and Napa Valley AVAs and associated with Plaintiffs' STAG'S LEAP Trademarks and Plaintiffs' Goods.   Moreover, Defendants are using the STAG Name on (Cabernet Sauvignon) wine made from grapes sourced not from the Stags Leap District or Napa Valley AVAs, but from the North Coast of California, which is a broader geographic AVA known for having less expensive, less premium fruit than is grown in the Stags Leap District or Napa Valley AVA.

58.     Defendants' labels for the wines containing the STAG Name further exacerbate the false and misleading connection to the Stags Leap District and/or Napa Valley AVAs and, in turn, Plaintiffs and Plaintiffs' Goods.

59.     Defendants' first COLA from the TTB for their new brand under the STAG Name issued on July 12, 2016.   It states the wine is "from Stags' Leap Winery" and "vinted and bottled by Stags' Leap Winery."  *See* Exhibit 5 and Image A in Paragraph 56 above.  Such a claim is illegal under California Business & Professions Code Section 25241 which prohibits the use of "Stags Leap" and similar terms in any manner on or in association with wine not from the Stags Leap District or Napa Valley AVA, and creates private causes of action under California Business & Professions Code Section 17200 and the federal Lanham Act.

60.     Perhaps recognizing the patent illegality of this label, Defendants then received a second COLA, which issued on August 8, 2016, from the TTB.  This second COLA replaces SLW as the vintner and bottler with WWE, but prominently states the winemaker is Christophe Paubert and that the wine is vinted and bottled by WWE of Napa, California.  *See* Exhibit 5 and Image B in Paragraph 56 above. Paubert is Winemaker and General Manager at SLW and, upon information and belief, he has held that position for at least the past seven (7) years.

61.     After Plaintiffs confronted TWE with strong objections to the first COLA (Image A), Defendants backtracked, claiming to have "removed any references to Stags Leap Winery or the Stags Leap AVA" and provided a copy of Defendants' "finalised label for The Stag release" (Image C), which Defendants asserted "is a slightly edited version of the label that was approved by the TTB earlier this week" (Image B).

62.     Defendants leave no doubt about deliberately creating a connection with the Stags Leap District AVA by the fact that all three labels for their new brand with the STAG Name set out in Paragraph 56 above (Images A, B, & C), include romance language explicitly reciting the legendary story of the leaping stag on the back, which is directly associated with the Stags Leap District AVA.

63.     All these labels, and any advertising and marketing of the wines associated with them, are illegal under California Business & Professions Code Section 25241 as Defendants are creating a direct association with the Stags Leap District and Napa Valley AVAs despite the wine not coming from the Stags Leap District or Napa Valley AVA.  For that and other reasons, Plaintiffs have private causes of action under California Business & Professions Code Section 17200 and the federal Lanham Act.

64.     Defendants use and intend to use the STAG Name to create a false and misleading association with the Stags Leap District or Napa Valley AVA, thereby confusing consumers as to the source of the goods and thereby resulting in damage and detriment to Plaintiffs and Plaintiffs' reputation and goodwill.

65.     Consumers are likely to believe mistakenly that Defendants' Goods offered for sale under the STAG Name are affiliated, connected, or associated with the Stags Leap District or Napa Valley AVA, or are otherwise authorized, sponsored, or approved to use the Stags Leap and/or Napa appellation.  Thus, Defendants' misleading conduct is likely to harm consumers and Plaintiffs.

66.     Defendants knew or had reason to know of the STAG'S LEAP Trademarks of Plaintiffs at the time Defendants commenced use of the STAG Name.

67.     Defendants specifically target the Stags Leap District and Napa Valley AVAs, and thus Plaintiffs' customers and potential customers of Plaintiffs' Goods offered for sale under the STAG'S LEAP Trademarks, and seek to make a connection with the Stags Leap District and/or Napa Valley AVA, which thus harms and damages Plaintiffs and their STAG'S LEAP Trademarks.

68.     Defendants are direct competitors of Plaintiffs, targeting customers and potential customers who are familiar with the Stags Leap District and/or Napa Valley AVA, and thus Plaintiffs' customers and potential customers who are familiar with the STAG'S LEAP Trademarks.

69.     Defendants advertise and intend to advertise their goods in commerce using the STAG Name, which is nearly identical and confusingly similar to the name of the Stags Leap District AVA, which thus creates a false and misleading connection to Plaintiffs' Goods and the STAG'S LEAP Trademarks of Plaintiffs, too.  Both Parties utilize the same or similar channels of trade.

70.     Thus, upon information and belief, Defendants intentionally adopted and use the STAG Name so as to create consumer confusion and traffic off the world-renown reputation of the Stags Leap District and/or Napa Valley AVAs, and thus Plaintiffs' overall strong reputation and goodwill under the STAG'S LEAP Trademarks.

71.     Defendants are not innocent third-party actors, but in fact (based in part on their ties to the Stags Leap District and Napa Valley AVAs) have an enhanced responsibility not to create this connection, which connection Defendants will be unable to avoid given the close marketing and sale of the products.

72.     Defendants use of the STAG Name challenges the integrity and devalues the prestige of the Stags Leap District and/or Napa Valley AVAs, and thus

-15-

1    the STAG'S LEAP Trademarks, and will confuse consumers and the trade as to the

2    source and quality of the wines produced in those AVAs and by Plaintiffs and

3    Defendants.  Specifically, Defendants are attempting to leverage the premium value

4    of the Stags Leap District and/or Napa Valley AVAs to mislead consumers and the

5    trade, and to compete unfairly with others in the Stags Leap District AVA for

6    luxury Napa Valley wine.

7         73.    Defendants have principal places of business in California and conduct

8    business there.  Upon information and belief, Defendants' wrongful conduct

9    emanates from California nationwide as Defendants use and intend to use the

10   STAG Name across the country and internationally.

11        74.    Plaintiffs first learned of Defendants' imminent and pending use of the

12   STAG Name in July 2016.

13        75.    Prior to Plaintiffs' filing of the Complaint in this action, Plaintiffs

14   made a good faith effort to resolve this matter amicably with Defendants.

15   Nevertheless, as has become readily apparent, Defendants have no intention of

16   resolving this matter amicably, but instead continue to roll out a business under the

17   STAG Name and to make false and misleading statements in their advertising.  As

18   a result, Plaintiffs have had no choice but to commence this action.

19        **More Evidence of Defendants' Bad Faith**

20        76.    That Defendants are endeavoring to advance and expand a family of

21   new brands under STAG and STAG-formative trademarks is also clear from the

22   fact that TWE filed an intent-to-use-based trademark application under Section 1(b)

23   of the Lanham Act, 15 U.S.C. § 1051(b), with the USPTO on February 9, 2016, to

24   attempt to register the mark LONE STAG for wine in International Class 33 (the

25   "LONE STAG Application").  The LONE STAG Application was assigned Serial

26   No. 86902346.  A true and correct copy of TSDR and TESS printouts from the

27   official website of the USPTO for United States Trademark Application Serial No.

28   86902346 is attached hereto as **Exhibit 6**.

77.     Defendants' bad faith is further evident from the fact that their labels for their STAGS' LEAP wine from the Napa Valley AVA state that it is "the original" and "Est. 1893," when (a) assertions relating to priority as between SLW and SLWC were litigated *ad nauseum* in the prior cases between the Parties' predecessors-in-interest; and (b) 'puffery' aside, there is no legitimate basis for Defendants to claim that SLW—whose predecessor received its winery license in the early 1970s—has any material tie or connection to any winemaking operation in the early 1890s.

78.     As further evidence of bad faith, in 2014 and 2015, Defendants ran advertisements for SLW containing the tagline "THE ORIGINAL. ESTABLISHED 1893." Plaintiffs duly objected and Defendants agreed to stop running the advertisements in 2015, but then did so again in 2016. Plaintiffs once more objected and were told by Defendants that it would not happen again. Recognizing their repeated offense in this regard, Defendants also paid for a full-page color advertisement for Plaintiffs' SLWC in *Wine Spectator* as recompense.

79.     Nevertheless, as of the filing of this Complaint, SLW's website continues to state that SLW was "Established in 1893." A true and correct copy of a screenshot from SLW's website is attached hereto as **Exhibit 7** ("Located at the very heart of Stags Leap District, Stags' Leap Winery (Established in 1893) continues a proud winemaking heritage in the prestigious appellation that bears the winery name.").

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin and False and Misleading Representations – 15 U.S.C. § 1125(a))

80.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 79 above, as if set forth herein in full.

81.     Defendants' use of the STAG Name constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing

that Defendants' Goods offered for sale under Defendants' STAG Name legitimately originate from the Stags Leap District and/or Napa Valley AVA to the extent required by federal law (*i.e.*, at least eighty-five percent (85%) of grapes sourced from the AVA), are affiliated, connected, or associated with those AVAs, or are otherwise authorized, sponsored, or approved to use the Stags Leap and/or Napa appellation, when none of the above is true, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82.    Defendants' actions cause or are likely to cause confusion or mistake among the public as to the true origin and sponsorship of Defendants' Goods offered for sale under Defendants' STAG Name, and to confuse the public into believing that Defendants' Goods legitimately originate from the Stags Leap District and/or Napa Valley AVA to the extent required by federal law, are affiliated, connected, or associated with those AVAs, or are otherwise authorized, sponsored, or approved to use the Stags Leap and/or Napa appellation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83.    Neither the Stags Leap District AVA nor Napa Valley AVA are the legitimate appellation of origin of Defendants' Goods offered for sale under Defendants' STAG Name and, thus, do not reflect the nature and quality of Defendants' Goods offered for sale under the STAG Name.  Any failure, neglect, or default of Defendants in providing such goods will reflect adversely on the Stags Leap District and Napa Valley AVAs, and thus Plaintiffs, as consumers are likely to believe that Defendants' Goods offered for sale under the STAG Name are from the Stags Leap District and/or Napa Valley AVA.

84.    Plaintiffs are informed and believe and on that basis allege that Defendants have derived and will derive unlawful gains and profits from their unfair competition and false designation of origin and false and misleading representations.

85.     Upon information and belief, Defendants intentionally adopted and use the STAG Name so as to create consumer confusion and generate traffic from the world-renown reputation of the Stags Leap District and Napa Valley AVAs, and in turn, Plaintiffs' strong reputation and goodwill.

86.     The goodwill of Plaintiffs' business under the STAG'S LEAP Trademarks is of great value, and Plaintiffs will suffer irreparable harm should Defendants' acts of unfair competition, and false representation and designations, be allowed to continue, to the detriment of the trade reputation and goodwill of Plaintiffs for which damage Plaintiffs cannot be adequately compensated at law.

87.     Neither the Stags Leap District AVA nor the Napa Valley AVA are the legitimate appellation of origin of Defendants' Goods offered under the STAG Name and thus do not reflect the quality of Defendants' Goods offered for sale under Defendants' STAG Name.  As a result, consumers are likely to believe that Defendants' Goods offered for sale under the STAG Name legitimately originate from the Stags Leap District and/or Napa Valley AVA to the extent required by federal law, and thus, the value of the STAG'S LEAP Trademarks of Plaintiffs is subject to damage by an entity it cannot control.  Unless enjoined by this Court from so doing, Defendants will continue to engage in acts of unfair competition, false representation and designation, to the irreparable damage and injury of the Stags Leap District and Napa Valley AVAs, and thus Plaintiffs.

88.     Upon information and belief, from the outset, Defendants have engaged in acts of unfair competition, false representation and designation, with knowledge of the fact that Defendants' Goods offered for sale under the STAG Name do not comply with the origin requirements for use of the Stags Leap District or Napa Valley AVA (*i.e.*, at least eighty-five percent (85%) of grapes sourced from the AVA), and Defendants continue in such acts of unfair competition, false representation and designation, in violation of 15 U.S.C. § 1125(a), thus entitling Plaintiffs to an award of their actual damages, Defendants' profits, plus attorneys'

-19-

fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal False Advertising – 15 U.S.C. § 1125(a))

89.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 88 above, as if set forth herein in full.

90.     Defendants' false and misleading advertisements constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91.     Defendants have made false and misleading statements about a connection between SLW and Defendants' Goods offered for sale under the STAG Name in their advertisements and marketing materials, as described herein, with the intent to mislead and deceive consumers.

92.     For example, Defendants, in active commercial competition with Plaintiffs, have falsely stated that Defendants' Goods offered for sale under the STAG Name are from SLW and vinted and bottled by SLW, when in reality the Cabernet Sauvignon wine is sourced from North Coast AVA grapes, not Stags Leap District or Napa Valley AVA grapes.

93.     As a further example, Defendants, in active commercial competition with Plaintiffs, have falsely and misleadingly stated that Defendants' Goods offered for sale under the STAG Name are "inspired by the tale of a hunt when a great stag valiantly jumped to escape its pursuers and mysteriously disappeared into the fog." This tale is the popular and well-known legend of the Stags Leap District AVA.

94.     Upon information and belief, Defendants have made each of their false statements with knowledge of their falsity, or willfully and with reckless disregard for their falsity.

95.     Upon information and belief, Defendants' false and misleading statements have a tendency to deceive a substantial segment of their intended audience and have actually deceived a substantial segment of that audience.

-20-

96.     Upon information and belief, Defendants' false and misleading statements are material because they relate to factors that consumers consider in selecting wine, namely, the region of origin.

97.     Upon information and belief, Defendants' false and misleading statements have influenced the buying decisions of consumers of wine throughout the United States.

98.     Defendants' false and misleading statements were and are made in interstate commerce.

99.     As a result of Defendants' false and misleading statements, Plaintiffs have incurred, and likely will continue to incur, substantial commercial injury in the form of (1) diversion of sales from Plaintiffs to Defendants and (2) lessening of the goodwill associated with Plaintiffs' Goods, as consumers of wine are misled into believing that Defendants' Goods offered for sale under the STAG Name are sourced from grapes in the Stags Leap District and/or Napa Valley AVA, when this is not true, and Plaintiffs have the indisputable right to identify their esteemed wine as sourced from Stags Leap District and/or Napa Valley AVA grapes.

100.    Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs.  Defendants' unlawful actions have caused Plaintiffs monetary damages in an amount presently unknown, but in an amount to be determined at trial.

101.    Plaintiffs are irreparably harmed, have no adequate remedy at law, and are entitled to injunctive relief.

102.    Defendants' intentional and willful violations entitle Plaintiffs to recover three times their actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

103.    Defendants' intentional and willful violations entitle Plaintiffs to recover their reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

-21-

### THIRD CLAIM FOR RELIEF
### (False or Misleading Statements under Cal. Bus. & Prof. Code § 17500)

104.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 103 above, as if set forth herein in full.

105.   Defendants have made and publicly disseminated false and misleading statements about a connection between SLW and Defendants' Goods offered for sale under the STAG Name in their advertisements and marketing materials, as described herein, in violation of California Business & Professions Code Section 17500.

106.   Upon information and belief, Defendants knew, or in the exercise of reasonable care should have known, that their statements about a connection between SLW and Defendants' Goods offered for sale under the STAG Name, as described herein, were false and misleading.

107.   As a result of Defendants' false and misleading statements, Plaintiffs have incurred, and likely will continue to incur, substantial commercial injury in the form of  (1) diversion of sales from Plaintiffs to Defendants and (2) lessening of the goodwill associated with Plaintiffs' Goods, as consumers of wine are misled into believing that Defendants' Goods offered for sale under the STAG Name are sourced from grapes in the Stags Leap District and/or Napa Valley AVA, when this is not true, and Plaintiffs have the indisputable right to identify their esteemed wine as sourced from Stags Leap District and/or Napa Valley AVA grapes.

108.   Plaintiffs are informed and believe and, on that basis, allege that Defendants have derived unlawful gains and profits from their unlawful acts, as alleged above, and have caused loss, injury, and damage to Plaintiffs, their goodwill, and the STAG'S LEAP Trademarks, in an amount as yet unknown but to be proven at trial.

109.   Plaintiffs are entitled to restitution and disgorgement of all funds Defendants improperly received and retained as a result of Defendants' false and misleading advertising.

110.   Plaintiffs are also entitled to interest in accordance with applicable law, according to proof.

111.   The goodwill of Plaintiffs' business under the STAG'S LEAP Trademarks is of great value, and Plaintiffs will suffer irreparable harm should Defendants' unlawful acts be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiffs for which damage Plaintiffs cannot be adequately compensated at law.

112.   Unless enjoined by this Court from so doing, Defendants will continue their conduct of false and misleading advertising, to the irreparable damage and injury of Plaintiffs.

113.   Accordingly, Plaintiffs seek a permanent injunction enjoining Defendants and all persons acting under, in concert with, or for Defendant, from engaging in the conduct alleged hereinabove.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200)

114.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 113 above, as if set forth herein in full.

115.   Defendants have engaged in unfair, unlawful, and/or deceptive activities in violation of California Business & Professions Code Sections 17200, *et seq.*, including, *inter alia*, engaging in the following practices:

> (i)   Defendants adopted and use the STAG Name to create consumer confusion as to the affiliation, connection, and association of Defendants' Goods with the Stags Leap District and/or Napa Valley AVA, and authorization, sponsorship, and approval to use the Stags Leap and/or Napa appellation, which

-23-

1   in turn misappropriates Plaintiffs' reputation and goodwill under

2   the STAG'S LEAP Trademarks. Specifically, Defendants' acts

3   are likely to deceive the public into believing that Defendants'

4   Goods offered for sale under the STAG Name are in some way

5   affiliated, connected, or associated with the Stags Leap District

6   and/or Napa Valley AVA, or are otherwise authorized,

7   sponsored, or approved to use the Stags Leap and/or Napa

8   appellation, which in turn misappropriates Plaintiff's reputation

9   and goodwill, to the detriment of Plaintiffs.

10  (ii)   Defendants' acts constitute unfair competition, misappropriation

11  of the goodwill of Plaintiffs, and palming off.

12  (iii)  Defendants' acts are also unlawful because they violate the

13  Lanham Act, common law California trademark law, and

14  California Business & Professions Code Section 17500, as

15  described herein.

16  (iv)   Defendants' acts are also unlawful because they violate

17  California Business & Professions Code Section 25241, which

18  prohibits the use of "Stags Leap" and similar terms like "The

19  Stag" in any manner on or in association with wine not from the

20  Stags Leap District and/or Napa Valley AVA.

21  (v)    Defendants' acts are also unlawful because they violate

22  California Health & Safety Code Sections 110390, *et seq.*,

23  which prohibit false or misleading advertising or misbranding of

24  any food product, and California Health & Safety Code Sections

25  110290, *et seq.*, which prohibit false or misleading

26  representations on the labeling of any food product.

27  116.  Plaintiffs have standing to bring this claim pursuant to California

28  Business & Professions Code Section 17204 on the grounds, *inter alia*, that

-24-

Plaintiffs suffered injury in fact by virtue of Defendants' unlawful and unfair and/or deceptive misappropriation of the "Stags Leap" name to create consumer confusion as to the affiliation, connection, and association of Defendants' Goods offered for sale under the STAG Name with the Stags Leap District and/or Napa Valley AVA, and authorization, sponsorship, and approval to use the Stags Leap and/or Napa appellation, and thus the STAG'S LEAP Trademarks and Plaintiffs' Goods and goodwill.

117.   Upon information and belief, Defendants' intentionally adopted and use the STAG Name so as to create consumer confusion and generate traffic from the world-renown reputation of the Stags Leap District and Napa Valley AVAs, and thus from Plaintiffs' Goods and Plaintiffs' reputation and goodwill under the STAG'S LEAP Trademarks.

118.   Plaintiffs are informed and believe and, on that basis, allege that Defendants have derived unlawful gains and profits from their unlawful acts, as alleged above, and have caused loss, injury, and damage to Plaintiffs, their goodwill, and the STAG'S LEAP Trademarks, in an amount as yet unknown but to be proven at trial.

119.   Plaintiffs are entitled to restitution and disgorgement of all funds Defendants improperly received and retained as a result of Defendants' unlawful, unfair, and/or deceptive business practices.

120.   Plaintiffs are also entitled to interest in accordance with applicable law, according to proof.

121.   The goodwill of Plaintiffs' business under the STAG'S LEAP Trademarks is of great value, and Plaintiffs will suffer irreparable harm should Defendants' unlawful acts be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiffs for which damage Plaintiffs cannot be adequately compensated at law.

122.   Unless enjoined by this Court from so doing, Defendants will continue their conduct of palming off and engaging in acts of unfair competition, to the irreparable damage and injury of Plaintiffs.

123.   Accordingly, Plaintiffs seek a permanent injunction enjoining Defendants and all persons acting under, in concert with, or for Defendant, from engaging in the conduct alleged hereinabove.

### FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution by Blurring – 15 U.S.C. § 1125(c))

124.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 123 above, as if set forth herein in full.

125.   For many years, the STAG'S LEAP Trademarks of Plaintiffs have been widely used and extensively advertised in the United States.  As a result, the STAG'S LEAP Trademarks have become well-known and famous as a distinctive symbol of the Plaintiffs' Goods and the goodwill of Plaintiffs.

126.   The famous STAG'S LEAP Trademarks of Plaintiffs became well-known and famous well before Defendants made any use of the STAG Name.

127.   Defendants' STAG Name is likely to cause dilution by blurring of the distinctive quality of the famous STAG'S LEAP Trademarks of Plaintiffs.

128.   Use of Defendants' STAG Name will lessen the capacity of the famous STAG'S LEAP Trademarks of Plaintiffs to identify and distinguish the Plaintiffs' Goods.

129.   Upon information and belief, from the outset, Defendants have engaged in acts of unfair competition and false representation and designation, which actions have resulted in dilution by blurring, with knowledge of the exclusive rights of Plaintiffs in and to the STAG'S LEAP Trademarks, and Defendants continue in such acts of unfair competition, false representation and designation, thus entitling Plaintiffs to an award of their actual damages,

Defendants' profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### SIXTH CLAIM FOR RELIEF
### (Trademark Infringement Under the State of California Common Law)

130.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 129 above, as if set forth herein in full.

131.   Plaintiffs own and enjoy strong common law rights in the State of California and elsewhere in the United States in and to the STAG'S LEAP Trademarks for the Plaintiffs' Goods, as they have extensively used the STAG'S LEAP Trademarks in interstate commerce since at least as early as 1974.

132.   Defendants' Goods offered for sale under the STAG Name trade off and misappropriate the world-renown reputation of the Stags Leap District AVA and/or the Napa Valley AVA, and thus the reputation and valuable goodwill of the STAG'S LEAP Trademarks of Plaintiffs in the State of California and create a likelihood of confusion and mistake as to the source of Defendants' Goods offered for sale under the STAG Name.  Defendants' acts are likely to lead the public to believe mistakenly that Defendants' Goods offered for sale under the STAG Name legitimately originate from the Stags Leap District and/or Napa Valley AVA to the extent required by federal law, are in some way affiliated, connected, or associated with the Stags Leap District and/or Napa Valley AVA, or are otherwise authorized, sponsored, or approved to use the Stags Leap and Napa appellation, to the detriment of Plaintiffs.  Defendants' activities constitute unfair competition, misappropriation of the goodwill of those AVAs, and thus Plaintiffs, and palming off.

133.   Upon information and belief, Defendants intentionally adopted and use the STAG Name so as to create consumer confusion and generate traffic from the world-renown reputation of the Stags Leap District and/or Napa Valley AVA, and thus the reputation and goodwill of Plaintiffs under the STAG'S LEAP Trademarks.

134.   Unless enjoined by this Court from so doing, Defendants will continue their conduct of palming off and engaging in acts of unfair competition, to the irreparable damage and injury of Plaintiffs.

135.   By making false and misleading statements about a connection between SLW and Defendants' Goods offered for sale under the STAG Name, Defendants utilize unfair methods of competition and deceptive trade practices.

136.   Plaintiffs are informed and believe and, on that basis, allege that Defendants have derived unlawful gains and profits from their unlawful acts, as alleged above, and have caused loss, injury, and damage to Plaintiffs, their goodwill, and the STAG'S LEAP Trademarks, in an amount as yet unknown but to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### (Accounting)

137.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 136 above, as if set forth herein in full.

138.   Plaintiffs are entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement and unfair competition.

139.   Plaintiffs are entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement and unfair competition.

140.   The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a detailed accounting by Defendants of the precise revenues received under Defendants' STAG Name.

## ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF

141.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 140 above, as if set forth herein in full.

142.   Plaintiffs have suffered, are suffering, and will continue to suffer irreparable harm and damage as a result of Defendants' wrongful conduct. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of Plaintiffs.  Plaintiffs' remedy at law is not adequate to compensate them for the injuries suffered and threatened.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court:

1.   Enter a judgment against Defendants that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of the rights of Plaintiffs under 15 U.S.C. § 1125(a);

2.   Enter a judgment against Defendants that Defendants have committed and are committing acts of false advertising in violation of 15 U.S.C. § 1125(a);

3.   Enter a judgment against Defendants that Defendants have infringed and diluted Plaintiffs' trademark rights in violation of 15 U.S.C. § 1125(c);

4.   Enter a judgment designating this action an exceptional case entitling Plaintiffs to an award of their reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

5.   Enter a judgment against Defendants that Defendants have committed and are committing acts of false advertising in violation of California Business & Professions Code § 17500;

6.   Enter a judgment against Defendants that Defendants have engaged in unfair competition in violation of California Business & Professions Code § 17200;

7.   Enter a judgment against Defendants that Defendants have engaged in trademark infringement in violation of the State of California common law;

8.   Issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees,

attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    (i)    imitating, copying, or making any other infringing use of the Defendants' STAG Name;

    (ii)    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the Defendants' STAG Name;

    (iii)    using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for the Stags Leap District and/or Napa Valley AVA, when such is not true in fact;

    (iv)    engaging in any other activity constituting an infringement of the rights of Plaintiffs in, or right to use or to exploit the STAG'S LEAP Trademarks;

    (v)    engaging in any false advertising with respect to Defendants and Defendants' Goods or unfairly competing with Plaintiffs in any manner whatsoever; and

    (vi)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above;

9.    Order Defendants, at their own expense, to recall all products and marketing, promotional and advertising materials that bear or incorporate

1  Defendants' STAG Name, which have been manufactured, distributed, sold, or

2  shipped, by Defendants or on their behalf, and to reimburse all customers from

3  which said materials are recalled;

4      10.    Order Defendants to destroy all products, labels, signs, prints,

5  packages, molds, plates, dies, wrappers, receptacles, and advertisements in its

6  possession or under its control, bearing Defendants' STAG Name, and/or any

7  simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds,

8  matrices, and any other means of making the same;

9      11.    Order Defendants to publish notice to all customers or members of the

10  trade who may have seen or heard of Defendants' use of Defendants' STAG Name,

11  which notice shall disclaim any connection with Plaintiffs and shall advise them of

12  the Court's injunction order and of Defendants' discontinuance from all use of

13  Defendants' STAG Name;

14      12.    Order Defendants to file with this Court and to serve upon Plaintiffs

15  within thirty (30) days after service upon Defendants of an injunction in this action,

16  a written report by Defendants, under oath, setting forth in detail the manner in

17  which Defendants have complied with the injunction;

18      13.    Order Defendants to pay the costs of corrective advertising;

19      14.    Order Defendants to hold in trust, as constructive trustee for the

20  benefit of Plaintiffs, their profits obtained from their provision of Defendants'

21  Goods offered for sale under Defendants' STAG Name;

22      15.    Order Defendants to provide Plaintiffs a full and complete accounting

23  of all amounts due and owing to Plaintiffs as a result of Defendants' illegal

24  activities;

25      16.    Order Defendants to pay the general, special, actual, and statutory

26  damages of Plaintiffs as follows:

27

28

1

         (i)     Plaintiffs' damages and Defendants' profits pursuant to 15

2

              U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(a) for

3

              Defendants intentional and willful violations; and

4

         (ii)    Plaintiffs' damages and Defendants' profits pursuant to the State

5

              of California common law;

6

    17.    Order Defendants to pay to Plaintiffs both the costs of this action and

7

reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action pursuant

8

to 15 U.S.C. § 1117(a);

9

    18.    Order Defendants never to file for any trademark for the STAG Name;

10

    19.    Order Defendants to abandon expressly United States Trademark

11

Application Serial No. 86902346 for the LONE STAG Mark, and never to re-file;

12

and

13

    20.    Award such other and further relief as the Court deems just and proper.

14

15

Dated:  August 26, 2016           DLA PIPER LLP (US)

16

17

                        By: *_/s/ Susan N. Acquista_*
                            Ann K. Ford

18

                            John M. Nading
                            Susan N. Acquista

19

                            Attorneys for Plaintiffs
                            STAG'S LEAP WINE CELLARS, LLC

20

                            AND STE. MICHELLE WINE
                            ESTATES LTD.

21

22

23

24

25

26

27

28

-32-

1

**DEMAND FOR JURY TRIAL**

2       Stag's Leap Wine Cellars, LLC and Ste. Michelle Wine Estates Ltd. demand

3   a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of

4   Civil Procedure.

5

6   Dated:  August 26, 2016           DLA PIPER LLP (US)

7

8                         By  _/s/ Susan N. Acquista_
                           Ann K. Ford

9                              John M. Nading
                           Susan N. Acquista

10                             Attorneys for Plaintiffs
                           STAG'S LEAP WINE CELLARS, LLC

11                             AND STE. MICHELLE WINE
                           ESTATES LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1





# STAG'S LEAP WINE CELLARS

## ARTEMIS

*Cabernet Sauvignon*
*Napa Valley*

ALC. 13.5% BY VOL.

ESTATE WINERY
★
PARIS
TASTING
1976





STAG'S LEAP WINE CELLARS

CASK 23®

2012 CABERNET SAUVIGNON
NAPA VALLEY | STAGS LEAP DISTRICT

**CASK 23 IS A BLEND OF THE MOST DISTINCTIVE**
fruit from our two historic estate vineyards. The volcanic soils
of one vineyard contribute complex structure, concentration,
and spicy intensity, while the alluvial soils of the adjacent
vineyard yield fruit with lush perfume and rich berry flavors.
When blended together, these vineyards create a wine of classic
elegance, structure, and ageability.

www.CASK23.com

PRODUCED AND BOTTLED BY STAG'S LEAP WINE CELLARS, NAPA, CA

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN
SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE
OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES
IMPAIRS YOUR ABILITY TO DRIVE A CAR
OR OPERATE MACHINERY, AND MAY
CAUSE HEALTH PROBLEMS.

CONTAINS SULFITES  ALC. 14.5% BY VOL.  750ML   0  88593 85006  6









# Exhibit 2

Int. Cl.: 33

Prior U.S. Cl.: 47

## United States Patent and Trademark Office

Reg. No. 1,795,197
Registered Sep. 28, 1993

## TRADEMARK
### PRINCIPAL REGISTER



STAG'S LEAP WINE CELLARS (PARTNER-
SHIP)
5766 SILVERADO TRAIL
NAPA, CA 94558

FOR: WINES, IN CLASS 33 (U.S. CL. 47).
FIRST USE 10-0-1974; IN COMMERCE
11-26-1974.

THE SHADING AND/OR STIPPLING IS A
FEATURE OF THE MARK AND DOES NOT
INDICATE COLOR.

SER. NO. 74-353,276, FILED 1-28-1993.

KENNETH D. BATTLE, EXAMINING ATTOR-
NEY

**Generated on:** This page was generated by TSDR on 2016-08-17 16:26:35 EDT

**Mark:**



| | |
|---|---|
| **US Serial Number:** 74353276 | **Application Filing Date:** Jan. 28, 1993 |
| **US Registration Number:** 1795197 | **Registration Date:** Sep. 28, 1993 |
| **Register:** Principal | |
| **Mark Type:** Trademark | |
| **Status:** The registration has been renewed. | |
| **Status Date:** Sep. 06, 2013 | |
| **Publication Date:** Jul. 06, 1993 | |

# Mark Information

**Mark Literal Elements:** None

**Standard Character Claim:** No

**Mark Drawing Type:** 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S)

**Lining and Stippling Statement:** The shading and/or stippling is a feature of the mark and does not indicate color.

**Design Search Code(s):** 03.07.07 - Caribou; Impala; Gazelle; Fawns; Deer, elk, reindeer, fawns, antelopes, moose, gazelles
03.07.24 - Stylized bovines, deer, antelopes, goats, sheep, pigs, cows, bulls, buffalo, moose
05.01.25 - Willow tree; Other trees or bushes; Cypress tree
05.13.03 - Grasses

# Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** wines

**International Class(es):** 033 - Primary Class    **U.S Class(es):** 047

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Oct. 1974    **Use in Commerce:** Nov. 26, 1974

# Basis Information (Case Level)

| | | |
|---|---|---|
| **Filed Use:** Yes | **Currently Use:** Yes | **Amended Use:** No |
| **Filed ITU:** No | **Currently ITU:** No | **Amended ITU:** No |
| **Filed 44D:** No | **Currently 44D:** No | **Amended 44D:** No |

| | | | | |
|---|---|---|---|---|
| **Filed 44E:** No | | **Currently 44E:** No | | **Amended 44E:** No |
| **Filed 66A:** No | | **Currently 66A:** No | | |
| **Filed No Basis:** No | | **Currently No Basis:** No | | |

# Current Owner(s) Information

**Owner Name:** Stag's Leap Wine Cellars, LLC

**Owner Address:** 5766 Silverado Trail
Napa, CALIFORNIA 94558
UNITED STATES

**Legal Entity Type:** LIMITED LIABILITY COMPANY

**State or Country** CALIFORNIA
**Where Organized:**

# Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Robyn Ettricks

**Attorney Primary** TrademarkGroup@altria.com
**Email Address:**

**Attorney Email** Yes
**Authorized:**

**Correspondent**

**Correspondent** Robyn Ettricks
**Name/Address:** Altria Client Services Inc.
601 East Jackson Street
Law Dept 3rd Floor CRT
Richmond, VIRGINIA 23219
UNITED STATES

**Correspondent e-** TrademarkGroup@altria.com
**mail:**

**Correspondent e-** Yes
**mail Authorized:**

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 16, 2015 | ATTORNEY REVOKED AND/OR APPOINTED | |
| Sep. 16, 2015 | TEAS REVOKE/APPOINT ATTORNEY RECEIVED | |
| Apr. 18, 2014 | ATTORNEY REVOKED AND/OR APPOINTED | |
| Apr. 18, 2014 | TEAS REVOKE/APPOINT ATTORNEY RECEIVED | |
| Mar. 25, 2014 | ATTORNEY REVOKED AND/OR APPOINTED | |
| Mar. 25, 2014 | TEAS REVOKE/APPOINT ATTORNEY RECEIVED | |
| Sep. 06, 2013 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| Sep. 06, 2013 | REGISTERED AND RENEWED (SECOND RENEWAL - 10 YRS) | 64591 |
| Sep. 06, 2013 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 64591 |
| Sep. 05, 2013 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED | 64591 |
| Sep. 05, 2013 | TEAS SECTION 8 & 9 RECEIVED | |
| Jul. 21, 2009 | ATTORNEY REVOKED AND/OR APPOINTED | |
| Jul. 21, 2009 | TEAS REVOKE/APPOINT ATTORNEY RECEIVED | |
| Sep. 03, 2008 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Sep. 18, 2007 | CASE FILE IN TICRS | |
| May 10, 2003 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | |
| May 10, 2003 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | |
| Feb. 24, 2003 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED | |
| Feb. 24, 2003 | PAPER RECEIVED | |
| Jan. 17, 2000 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | |
| Oct. 01, 1999 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED | |
| Sep. 28, 1993 | REGISTERED-PRINCIPAL REGISTER | |
| Jul. 06, 1993 | PUBLISHED FOR OPPOSITION | |
| Jun. 04, 1993 | NOTICE OF PUBLICATION | |
| Apr. 20, 1993 | APPROVED FOR PUB - PRINCIPAL REGISTER | |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Renewal Date:** | Sep. 28, 2013 |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | GENERIC WEB UPDATE | **Date in Location:** | Sep. 06, 2013 |

## Assignment Abstract Of Title Information

**Summary**

| | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Registrant:** | Stag's Leap Wine Cellars |

**Assignment 1 of 1**

| | | | |
|---|---|---|---|
| **Conveyance:** | LIMITED LIABILITY COMPANY CONVERSION | | |
| **Reel/Frame:** | 3844/0954 | **Pages:** | 3 |
| **Date Recorded:** | Aug. 29, 2008 | | |
| **Supporting Documents:** | assignment-tm-3844-0954.pdf | | |

**Assignor**

| | | | |
|---|---|---|---|
| **Name:** | STAG'S LEAP WINE CELLARS | **Execution Date:** | Sep. 11, 2007 |
| **Legal Entity Type:** | LIMITED PARTNERSHIP | **State or Country Where Organized:** | CALIFORNIA |

**Assignee**

| | | | |
|---|---|---|---|
| **Name:** | STAG'S LEAP WINE CELLARS, LLC | **State or Country Where Organized:** | CALIFORNIA |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | | |
| **Address:** | 5766 SILVERADO TRAIL NAPA, CALIFORNIA 94558 | | |

**Correspondent**

| | |
|---|---|
| **Correspondent Name:** | MELVILLE OWEN, ESQ. |
| **Correspondent Address:** | 455 MARKET STREET, SUITE 1910 SAN FRANCISCO, CA 94105 |

**Domestic Representative - Not Found**

# Exhibit 3

**Generated on:** This page was generated by TSDR on 2016-08-17 16:31:11 EDT

**Mark:** STAG'S LEAP WINE CELLARS

STAG'S LEAP WINE CELLARS

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87122945 | **Application Filing Date:** | Aug. 01, 2016 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | New application will be assigned to an examining attorney approximately 3 months after filing date. | | |
| **Status Date:** | Aug. 04, 2016 | | |

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | STAG'S LEAP WINE CELLARS |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

# Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Wine | | |
| **International Class(es):** | 033 - Primary Class | **U.S Class(es):** | 047, 049 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Oct. 1974 | **Use in Commerce:** | Nov. 26, 1974 |

# Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | **Amended 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

# Current Owner(s) Information

| | | | |
|---|---|---|---|
| **Owner Name:** | Stag's Leap Wine Cellars, LLC | | |
| **Owner Address:** | 5766 Silverado Trail<br>Napa, CALIFORNIA 94558<br>UNITED STATES | | |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | CALIFORNIA |

# Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | Robyn Ettricks |
| **Attorney Primary Email Address:** | Trademarkgroup@altria.com |
| **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | ROBYN ETTRICKS<br>ALTRIA CLIENT SERVICES INC.<br>601 EAST JACKSON STREET<br>RICHMOND, VIRGINIA 23219<br>UNITED STATES |
| **Correspondent e-mail:** | Trademarkgroup@altria.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 04, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 04, 2016 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | NEW APPLICATION PROCESSING | **Date in Location:** | Aug. 04, 2016 |

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 17 03:21:41 EDT 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## STAG'S LEAP WINE CELLARS

| | |
|---|---|
| **Word Mark** | STAG'S LEAP WINE CELLARS |
| **Goods and Services** | IC 033. US 047 049. G & S: Wine. FIRST USE: 19741000. FIRST USE IN COMMERCE: 19741126 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 87122945 |
| **Filing Date** | August 1, 2016 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Stag's Leap Wine Cellars, LLC LIMITED LIABILITY COMPANY CALIFORNIA 5766 Silverado Trail Napa CALIFORNIA 94558 |
| **Attorney of Record** | Robyn Ettricks |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Generated on:** This page was generated by TSDR on 2016-08-17 16:34:11 EDT

**Mark:** STAG'S LEAP WINE CELLARS



STAG'S LEAP WINE CELLARS

| | | |
|---|---|---|
| **US Serial Number:** 87122954 | **Application Filing Date:** | Aug. 01, 2016 |
| **Filed as TEAS RF:** Yes | **Currently TEAS RF:** | Yes |
| **Register:** Principal | | |
| **Mark Type:** Trademark | | |
| **TM5 Common Status Descriptor:** | LIVE/APPLICATION/Awaiting Examination | |

The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner.

**Status:** New application will be assigned to an examining attorney approximately 3 months after filing date.

**Status Date:** Aug. 04, 2016

---

# Mark Information

**Mark Literal Elements:** STAG'S LEAP WINE CELLARS

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S)

**Description of Mark:** The mark consists of a stag standing in front of a tree with the words "STAG'S LEAP WINE CELLARS" written below it.

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Design Search Code(s):** 03.07.07 - Caribou; Gazelle; Fawns; Deer, elk, reindeer, fawns, antelopes, moose, gazelles; Impala
05.01.25 - Willow tree; Other trees or bushes; Cypress tree
05.13.03 - Grasses

---

# Related Properties Information

**Claimed Ownership of US Registrations:** 1795197

---

# Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | |
|---|---|---|
| **For:** wine | | |
| **International Class(es):** 033 - Primary Class | **U.S Class(es):** | 047, 049 |
| **Class Status:** ACTIVE | | |
| **Basis:** 1(a) | | |
| **First Use:** Oct. 1974 | **Use in Commerce:** | Nov. 26, 1974 |

---

# Basis Information (Case Level)

| | | |
|---|---|---|
| **Filed Use:** Yes | **Currently Use:** Yes | **Amended Use:** No |
| **Filed ITU:** No | **Currently ITU:** No | **Amended ITU:** No |
| **Filed 44D:** No | **Currently 44D:** No | **Amended 44D:** No |
| **Filed 44E:** No | **Currently 44E:** No | **Amended 44E:** No |
| **Filed 66A:** No | **Currently 66A:** No | |
| **Filed No Basis:** No | **Currently No Basis:** No | |

## Current Owner(s) Information

**Owner Name:** Stag's Leap Wine Cellars, LLC

**Owner Address:** 5766 Silverado Trail
Napa, CALIFORNIA UNITED STATES 94558

**Legal Entity Type:** LIMITED LIABILITY COMPANY

**State or Country
Where Organized:** CALIFORNIA

## Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Robyn Ettricks

**Attorney Primary
Email Address:** Trademarkgroup@altria.com

**Attorney Email
Authorized:** Yes

**Correspondent**

**Correspondent
Name/Address:** ROBYN ETTRICKS
ALTRIA CLIENT SERVICES LLC
619 EAST JACKSON STREET
RICHNMOND, VIRGINIA UNITED STATES 23219

**Correspondent e-
mail:** Trademarkgroup@altria.com

**Correspondent e-
mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 05, 2016 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Aug. 04, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 04, 2016 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** NEW APPLICATION PROCESSING

**Date in Location:** Aug. 04, 2016



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Aug 17 03:21:41 EDT 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



STAG'S LEAP WINE CELLARS

| | |
|---|---|
| **Word Mark** | STAG'S LEAP WINE CELLARS |
| **Goods and Services** | IC 033. US 047 049. G & S: wine. FIRST USE: 19741000. FIRST USE IN COMMERCE: 19741126 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.07.07 - Caribou; Deer, elk, reindeer, fawns, antelopes, moose, gazelles; Fawns; Gazelle; Impala<br>05.01.25 - Cypress tree; Other trees or bushes; Willow tree<br>05.13.03 - Grasses |
| **Serial Number** | 87122954 |
| **Filing Date** | August 1, 2016 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Stag's Leap Wine Cellars, LLC LIMITED LIABILITY COMPANY CALIFORNIA 5766 Silverado Trail Napa CALIFORNIA 94558 |
| **Attorney of Record** | Robyn Ettricks |
| **Prior Registrations** | 1795197 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a stag standing in front of a tree with the words "STAG'S LEAP WINE CELLARS" written below it. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit 4

BAC/Lantz



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Cancellation No. 12,372

Warren Winiarski,
d.b.a. Stag's Leap
Vineyards and Wine
Cellars, and as
Stag's Leap Wine Cellars

v.

Stags' Leap Winery, Inc.

**MAILED**

**JUN** 2 4 1985

**PAT. & T. M.** OFFICE

In view of the stipulation filed June 4, 1985, the
petition for cancellation is hereby dismissed with prejudice.

L. E. Rooney

R. L. Simms

G. D. Krugman
Members, Trademark Trial
and Appeal Board

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

WARREN WINIARSKI, dba                      )
STAG'S LEAP VINEYARDS AND                  )
WINE CELLARS and as STAG'S LEAP            )
WINE CELLARS                               )
                                           )
            Petitioner,                    )
                                           )
        vs.                                )   Cancellation No. 12,372
                                           )
STAGS' LEAP WINERY, INC.                   )
                                           )
            Respondent                     )
_____  )

## STIPULATION OF DISMISSAL

This Cancellation has been dormant and proceedings suspended for several years while Petitioner and Respondent asserted against each other in the State and Federal Courts of California their respective trademark and trade name rights in marks and names which include therein the terms "Stag's Leap" and "Stags' Leap," respectively.

Petitioner and Respondent have fully resolved their prior disputes concerning their respective trademark and trade name rights as summarized above and all proceedings in the State and Federal Courts of California between them have been concluded.

Therefore, Petitioner and Respondent hereby stipulate and agree, the Honorable Board consenting, that this Cancellation

Page 1

Proceeding can, and should, be dismissed with prejudice pursuant to the provisions of Rule 41(a)(1), F.R.C.P.

This Stipulation of Dismissal is entered without prejudice to the rights of Respondent and Petitioner, jointly or separately, to contest the right of any third party to use and/or register any trademark or trade name which consists of or includes the terms "Stag's Leap" or "Stags' Leap" or "Stags Leap" in conjunction with wine or any activities involved in producing or selling wine.

WARREN WINIARSKI, dba

STAG'S LEAP VINEYARDS AND WINE CELLARS and as STAG'S LEAP WINE CELLARS

Petitioner

By _____
    Warren Winiarski

Napa Valley, California
May 30, 1985

STAGS' LEAP WINERY, INC.

Respondent

By _____
    Carl Doumani, President

Napa Valley, California
May 30, 1985

Page 2

## CONSENT TO USE AND REGISTER AGREEMENT

This Agreement is entered into effective the 14th day of May, 1985 by and between WARREN WINIARSKI and STAG'S LEAP WINE CELLARS, and all persons, businesses and entitites presently or hereafter in privity with them (hereinafter collectively called "Winiarski") and CARL DOUMANI and STAGS' LEAP WINERY, INC., STAG'S LEAP ASSOCIATES and all persons, businesses and entities presently or hereafter in privity with them (hereinafter collectively called "Doumani").

### RECITALS

A.  Winiarski and Doumani heretofore have been parties to various Civil Actions in the Courts of the State of California and to Cancellation No. 12,372 before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office; and

B.  Winiarski and Doumani have fully resolved their prior disputes in the California Courts and before the trademark Trial and Appeal Board arising from their respective uses of trademarks and trade names which include therein the terms "Stag's Leap" and "Stags' Leap," respectively; and

C.  Winiarski and Doumani hereby wish to confirm the agreement and understanding reached between them concerning the future use and/or attempts to register by Winiarski the trademarks and/or trade names "Stag's Leap Wine Cellars," "Stags' Leap Vineyards" and the pictorial representation of a "Standing Stag."

Page 3

Wherefore, for mutual consideration the receipt of which is hereby acknowledged, Winiarski and Doumani hereby agree, as follows:

1.  Doumani hereby agrees that he will not challenge in any way in the future, nor assist anyone else directly or indirectly to do so, any use by Winiarski of the trademarks and trade names "Stag's Leap Wine Cellars" and "Stag's Leap Vineyards" or the trademark including the pictorial representation of a "Standing Stag," the latter being illustrated in the copy of one of Winiarski's wine labels attached hereto as EXHIBIT A.

2.  Doumani hereby further agrees that he will not challenge in any way in the future, nor assist anyone else to do so, any attempts by Winiarski to register with any Federal, State or Local governmental agency or department the trademarks and trade names "Stag's Leap Wine Cellars," and "Stag's Leap Vineyards" or the trademark including said pictorial representation of a "Standing Stags." Doumani further agrees that, at the request and expense of Winiarski, he will execute all documents prepared by Winiarski to assist Winiarski in registering said trademarks and trade names with any such governmental agency or department, provided that any such documents shall not limit in any manner the trademark or trade name rights of Doumani as between Doumani and third parties other than Winiarski.

3.  This Agreement shall be binding upon Winiarski and Doumani and their respective successors and assigns of any or all

rights to their respective trademarks and trade names which include therein the terms "Stag's Leap" and "Stags' Leap" or their trademarks including the representation of a "Stag."

Napa Valley, California
May 30 , 1985
_____
Warren Winiarski

Napa Valley, California
May 30 , 1985
_____
Carl Doumani

Page 5



_1972_

_Cabernet Sauvignon_

_Napa Valley_

_Stag's Leap Vineyards_

## STAG'S LEAP WINE CELLARS

Made & bottled by Stag's Leap Wine Cellars, Napa, Calif.  •  Alcohol 12½% by volume

EXHIBIT A

# Exhibit 5

| **FOR TTB USE ONLY** | **DEPARTMENT OF THE TREASURY** |
|---|---|

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**APPLICATION FOR AND**
**CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL**
(See Instructions and Paperwork Reduction Act Notice on Back)

**TTB ID**
16168001000693

| 1. REP. ID. NO. (If any) | CT | OR |
|---|---|---|
| | 88 | 01 |

## PART I - APPLICATION

**2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. (Required)**
BWC-CA-5099

**3. SOURCE OF PRODUCT (Required)**
☑ Domestic
☐ Imported

**8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON LABEL (Required)**

TREASURY WINE ESTATES AMERICAS COMPANY
655 AIRPARK RD

NAPA CA 94558

STAGS' LEAP WINERY (Used on label)

**4. SERIAL NUMBER (Required)**
16063A

**5. TYPE OF PRODUCT (Required)**
☑ WINE
☐ DISTILLED SPIRITS
☐ MALT BEVERAGE

**6. BRAND NAME (Required)**
THE STAG

**7. FANCIFUL NAME (If any)**

**8a. MAILING ADDRESS, IF DIFFERENT**

**9. EMAIL ADDRESS**

**10. GRAPE VARIETAL(S) (If any)**
Cabernet Sauvignon

**11. FORMULA**

**12. NET CONTENTS**
750 MILLILITERS
375 MILLILITERS
1.5 LITERS
3 LITERS

**13. ALCOHOL CONTENT**
14.4

**14. WINE APPELLATION IF ON LABEL**
NORTH COAST

**15. WINE VINTAGE DATE IF ON LABEL**
2015

**16. PHONE NUMBER**
(707) 299-3142

**17. FAX NUMBER**
(707) 259-4510

**18. TYPE OF APPLICATION (Check applicable box(es))**
a. ☑ CERTIFICATE OF LABEL APPROVAL
b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in _____ only" (Fill in State abbreviation.)
c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ___. ____ (Fill in amount)
d. ☐ RESUBMISSION AFTER REJECTION TTB ID. NO. _____

**19. SHOW ANY INFORMATION THAT IS BLOWN, BRANDED, OR EMBOSSED ON THE CONTAINER (e.g., net contents) ONLY IF IT DOES NOT APPEAR ON THE LABELS AFFIXED BELOW. ALSO, SHOW TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.**
CORK: TOP: "TS" INITIALS SIDES: "THE STAG" CAPSULE: EMBOSSED TOP "THE STAG" WITH INITIALS

## PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare; that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

**20. DATE OF APPLICATION**
06/16/2016

**21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT**
(Application was e-filed)

**22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT**
SARAH CHIKOWSKI

## PART III - TTB CERTIFICATE

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

| 23. DATE ISSUED | 24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU |
|---|---|
| 07/12/2016 |  |

## FOR TTB USE ONLY

| QUALIFICATIONS | EXPIRATION DATE (If any) |
|---|---|
| TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable.<br><br>**STATUS**<br>THE STATUS IS APPROVED.<br><br>**CLASS/TYPE DESCRIPTION**<br>DESSERT /PORT/SHERRY/(COOKING) WINE | |

AFFIX COMPLETE SET OF LABELS BELOW

Image Type:

Brand (front)
Actual Dimensions: 2.55 inches W X 5.24 inches H



Image Type:

Back
Actual Dimensions: 5 inches W X 5.24 inches H



OMB No. 1513-0020

OMB No. 1513-0020  (07/31/2015)

| FOR TTB USE ONLY | DEPARTMENT OF THE TREASURY |
|---|---|
| | **ALCOHOL AND TOBACCO TAX AND TRADE BUREAU** |

**TTB ID**
16167001000144

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**APPLICATION FOR AND**
**CERTIFICATION/EXEMPTION OF LABEL/BOTTLE**
**APPROVAL**
(See Instructions and Paperwork Reduction Act Notice on Back)

| 1. REP. ID. NO. (If any) | CT 88 | OR 01 |
|---|---|---|

## PART I - APPLICATION

| 2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. *(Required)* BWC-CA-5099 | 3. SOURCE OF PRODUCT *(Required)* ☑ Domestic ☐ Imported | 8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON LABEL (Required) |
|---|---|---|

8. (continued)

TREASURY WINE ESTATES AMERICAS COMPANY
655 AIRPARK RD

NAPA CA 94558

WINE WORLD ESTATES (Used on label)

| 4. SERIAL NUMBER *(Required)* 16069A | 5. TYPE OF PRODUCT *(Required)* ☑ WINE ☐ DISTILLED SPIRITS ☐ MALT BEVERAGE | |
|---|---|---|

| 6. BRAND NAME *(Required)* THE STAG | 8a. MAILING ADDRESS, IF DIFFERENT |
|---|---|
| **7. FANCIFUL NAME *(If any)*** | |

| 9. EMAIL ADDRESS | 10. GRAPE VARIETAL(S) (If any) Cabernet Sauvignon | 11. FORMULA | 18. TYPE OF APPLICATION (Check applicable box(es)) |
|---|---|---|---|
| **12. NET CONTENTS** 375 MILLILITERS 750 MILLILITERS 1.5 LITERS 3 LITERS | **13. ALCOHOL CONTENT** 14.4 | **14. WINE APPELLATION IF ON LABEL** NORTH COAST | a. ☑ CERTIFICATE OF LABEL APPROVAL b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL. "For sale in _____ only" (Fill in State abbreviation.) |
| **15. WINE VINTAGE DATE IF ON LABEL** 2015 | **16. PHONE NUMBER** (707) 299-3142 | **17. FAX NUMBER** (707) 259-4510 | c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ___ ____ (Fill in amount) d. ☐ RESUBMISSION AFTER REJECTION TTB ID. NO. _____ |

19. SHOW ANY INFORMATION THAT IS BLOWN, BRANDED, OR EMBOSSED ON THE CONTAINER (e.g., net contents) ONLY IF IT DOES NOT APPEAR ON THE LABELS AFFIXED BELOW. ALSO, SHOW TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.
CAP - THE STAG, TS CORK: THE STAG, TS

## PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare; that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

| 20. DATE OF APPLICATION 06/15/2016 | 21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT (Application was e-filed) | 22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT SARAH CHIKOWSKI |
|---|---|---|

## PART III - TTB CERTIFICATE

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

| 23. DATE ISSUED | 24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU |
|---|---|
| 08/08/2016 | *Patricia Kasodny* |

### FOR TTB USE ONLY

| QUALIFICATIONS | EXPIRATION DATE (If any) |
|---|---|
| TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable.<br><br>**STATUS**<br>THE STATUS IS APPROVED.<br><br>**CLASS/TYPE DESCRIPTION**<br>DESSERT /PORT/SHERRY/(COOKING) WINE | |

AFFIX COMPLETE SET OF LABELS BELOW

Image Type:

Brand (front)
Actual Dimensions: 5 inches W X 5.24 inches H



Image Type:
Back
Actual Dimensions: 2.55 inches W X 5.24 inches H







*The Stag*

NORTH COAST
CABERNET SAUVIGNON

THE STAG IS INSPIRED BY THE TALE OF A HUNT
*when a great stag valiantly jumped to escape its pursuers
and mysteriously disappeared into the fog.*

WE'RE STILL ON THAT HUNT TODAY,
*to find the sturdiest vines and the best grapes throughout the
North Coast to produce the most sophisticated wines.
This Cabernet Sauvignon is a testament to the pursuit of those
goals, and to the fight shown by the resilient stag.*

VINTED AND BOTTLED BY:
WINE WORLD ESTATES, NAPA, CALIFORNIA

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

750ML • 14.4% ALC. BY VOL.          CONTAINS SULFITES



0  89819  71119  2

# Exhibit 6

**Generated on:** This page was generated by TSDR on 2016-08-17 16:38:58 EDT

**Mark:** LONE STAG

# LONE STAG

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86902346 | **Application Filing Date:** | Feb. 09, 2016 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**Status:** A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Jul. 14, 2016

**Publication Date:** Jun. 14, 2016

## Mark Information

**Mark Literal Elements:** LONE STAG

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Wine

| | | | |
|---|---|---|---|
| **International Class(es):** | 033 - Primary Class | **U.S Class(es):** | 047, 049 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** TREASURY WINE ESTATES AMERICAS COMPANY

**Owner Address:** 610 Airpark Road
Napa, CALIFORNIA 94558
UNITED STATES

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

# Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | GARY D. KRUGMAN | **Docket Number:** | S21839 |
| **Attorney Primary Email Address:** | tm@sughrue.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | GARY D. KRUGMAN<br>SUGHRUE MION, PLLC<br>2100 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, DISTRICT OF COLUMBIA 20037<br>UNITED STATES | | |
| **Phone:** | 202.293.7060 | **Fax:** | 202.293.7860 |
| **Correspondent e-mail:** | tm@sughrue.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 14, 2016 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Jun. 14, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jun. 14, 2016 | PUBLISHED FOR OPPOSITION | |
| May 25, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| May 09, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 08, 2016 | ASSIGNED TO EXAMINER | 73360 |
| Feb. 12, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 12, 2016 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information**

| | | | |
|---|---|---|---|
| **TM Attorney:** | BLANDU, FLORENTINA | **Law Office Assigned:** | LAW OFFICE 117 |

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | May 09, 2016 |

# Proceedings

**Summary**

| | |
|---|---|
| **Number of Proceedings:** | 1 |

**Type of Proceeding: Extension of Time**

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 86902346 | **Filing Date:** | Jul 14, 2016 |
| **Status:** | Not Instituted | **Status Date:** | Jul 14, 2016 |
| **Interlocutory Attorney:** | | | |

**Defendant**

| | |
|---|---|
| **Name:** | TREASURY WINE ESTATES AMERICAS COMPANY |
| **Correspondent Address:** | GARY D. KRUGMAN<br>SUGHRUE MION, PLLC<br>2100 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON DC , 20037 |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LONE STAG | Request For Extension of Time to File Opposition | 86902346 | |

**Potential Opposer(s)**

**Name:** Sazerac Brands, LLC

**Correspondent Address:** Shane Rumbaugh
Cooley LLP
1299 Pennsylvania Ave, NWSuite 700
Washington DC , 20004
UNITED STATES

**Correspondent e-mail:** srumbaugh@cooley.com , trademarks@cooley.com , vbadolato@cooley.com

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
| --- | --- | --- | --- |
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Jul 14, 2016 | |
| 2 | EXTENSION OF TIME GRANTED | Jul 14, 2016 | |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 17 03:21:41 EDT 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# LONE STAG

| | |
|---|---|
| **Word Mark** | LONE STAG |
| **Goods and Services** | IC 033. US 047 049. G & S: Wine |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | **86902346** |
| **Filing Date** | February 9, 2016 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 14, 2016 |
| **Owner** | (APPLICANT) TREASURY WINE ESTATES AMERICAS COMPANY CORPORATION DELAWARE 610 Airpark Road Napa CALIFORNIA 94558 |
| **Attorney of Record** | GARY D. KRUGMAN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

# Exhibit 7



My Account | Check Out

**PEOPLE     WINE CLUB     VISIT     NEWS     CONTACT     PURCHASE**

The Estate     Winegrowing     Our Wines

Winemaking

Estate Vineyards

Vineyard Maps

People

Tradition

Appellation

## Appellation

**A PROUD WINEMAKING HERITAGE IN THE PRESTIGIOUS APPELLATION THAT BEARS THE WINERY NAME**

Located at the very heart of Stags Leap District, Stags' Leap Winery (Established in 1893) continues a proud winemaking heritage in the prestigious appellation that bears the winery name.



### 1989

Stags Leap District became the 104th official designated viticultural district in the US. To use the name, wineries located in the district must use 85% fruit grown within the district.

YEAR 1989
MONTH AUG



The founding Chase family named their country estate Stags' Leap. The mountains behind the property on the eastern side came to be called Stags Leap Palisades. It is attributed to a native Wappo legend of a stag leaping to escape hunters, or leaping to its death in preference to being hunted down, or, a stag that eluded an entire generation of hunters, always leaping and vanishing at the last moment.

The Stags Leap Palisades are the most prominent geographical feature in the area and are part of the Vaca Range that stretches along the eastern side of Napa Valley. Erosion from the palisades is the source of the volcanic soil acknowledged as a contributing factor to the modern reputation for Cabernet Sauvignon in the Stags Leap District.

Stags Leap District

Stags' Leap Winery · 6150 Silverado Trail · Napa, CA 94558 · 1-800-395-2441
home | privacy policy | terms and conditions | contact | sitemap | careers |

Stags' Leap on Google+ | Youtube | Facebook | Twitter | Instagram

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STAG'S LEAP WINE CELLARS, LLC, a California Limited Liability Company, and STE. MICHELLE WINE ESTATES LTD., a Washington Corporation

**(b)** County of Residence of First Listed Plaintiff | Napa, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan N. Acquista (SBN# 253969)
DLA Piper LLP (US)
401 B Street, Suite 1700, San Diego, CA  92101; (619) 699-2700

## DEFENDANTS

TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation; TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation, D/B/A STAGS' LEAP WINERY; and TREASURY WINE ESTATES AMERICAS COMPANY, a Delaware Corporation, D/B/A WINE WORLD ESTATES

County of Residence of First Listed Defendant | Napa, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | **LABOR** | [x] 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities– Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1125

Brief description of cause:
Complaint for Unfair Competition and False Designation of Origin, False Advertising, Dilution, and Accounting

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*

JUDGE | DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

[x] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA-MCKINLEYVILLE

DATE: 08/26/2016

SIGNATURE OF ATTORNEY OF RECORD: /s/ Susan N. Acquista