UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAG'S LEAP WINE CELLARS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TREASURY WINE ESTATES AMERICAS COMPANY,<br><br>    Defendant. | Case No. 16-cv-04922-RS |
| TREASURY WINE ESTATES AMERICAS COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>STAG'S LEAP WINE CELLARS, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-05764-RS<br><br>**ORDER DENYING MOTIONS TO DISMISS** |

These two related cases involve a dispute between two wineries, each of which holds certain trademark rights in names that refer to the Stags Leap American Viticultural Area ("AVA") within Napa Valley. Plaintiffs in the first-filed case are Stag's Leap Wine Cellars, LLC, and Ste. Michelle Wine Estates Ltd., its majority owner and distributor of its wines nationally and internationally. For clarity those parties will be referred to collectively as "Ste. Michelle."

Defendant in the first-filed case is Treasury Wine Estates Americas Company ("TWE"), which allegedly is part of one of the world's largest wine companies, based in Australia. For many years, Ste. Michelle and TWE have successfully co-existed as two competing producers of

1  luxury wine brands sourced from Stags Leap AVA grapes.  Long litigation between the companies
2  ended decades ago, in an arrangement whereby Ste. Michelle uses the name "Stag's Leap" (a
3  singular stag) and TWE uses "Stags' Leap" (plural stags).
4      The current controversy between the parties arose when Ste. Michelle became
5  aware that TWE was preparing to bring to market a wine under the name "The Stag," with grapes
6  sourced from the "North Coast" AVA, an allegedly less prestigious appellation than that of Stags
7  Leap AVA and/or Napa Valley.  Ste. Michelle's initial complaint advanced various legal theories
8  sounding in the Lanham Act and California state law as to why it would be misleading and
9  wrongful for TWE to use the name "The Stag," images of a stag, and/or mythic stories of a stag
10 leaping to evade a hunt (a story historically associated with the Stags Leap area) in connection
11 with marketing any wine made from grapes not sourced from the Stags Leap AVA.
12     TWE moved to dismiss, arguing that Ste. Michelle had not plausibly alleged a "use in
13 commerce" that would be a prerequisite to virtually all the claims.  Largely argreeing with TWE's
14 contentions, a prior order dismissed the complaint with leave to amend.  Concurrently with its
15 prior motion to dismiss, TWE filed the second of the two actions, seeking declaratory relief that its
16 plans to move forward with "The Stag" wine do not contravene any of Ste. Michelle's rights.
17     Now, Ste. Michelle moves to dismiss TWE's declaratory relief action, and TWE seeks
18 dismissal of Ste. Michelle's amended complaint.  Both motions have been submitted without oral
19 argument pursuant to Civil Local Rule 7-1(b) and both will be denied.
20     The central premise of TWE's challenge to Ste. Michelle's amended complaint is that the
21 wine labels it now intends to use for "The Stag" wine plainly disclose that it is from the North
22 Coast AVA and do not otherwise create any confusing association with the Stags Leap AVA, such
23 that all of the claims necessarily fail. Had TWE's introduction of The Stag wine under its current
24 labeling occurred in a vacuum, it might have been possible to determine at the pleading stage that
25 the claims lack any possible merit. While TWE is correct that Ste. Michelle may not base its
26 claims *directly* on prior label designs that were never used in commerce, those labels are not

irrelevant. One of the familiar "*Sleekcraft* factors"[1] courts look to in determining the likelihood of confusion in trademark cases is the defendant's *intent* in selecting the mark. Here, a reasonable inference arises that when TWE first began preparing to market The Stag, it had every intention of trying to evoke associations with the Stags Leap AVA. In response to complaints from Ste. Michelle and others, TWE subsequently revised its labels to minimize those associations. Perhaps what remains is, as it insists, no longer capable of causing confusion. Under all the circumstances, however, that issue is not suitable for resolution at the pleading stage. TWE's subsidiary challenges to various aspects of the pleading likewise do not support dismissal at this juncture. Accordingly, the motion is denied.

Ste. Michelle moves to dismiss TWE's later-filed declaratory relief action, arguing the claims therein should have been filed as compulsory counterclaims in the first action. Ste. Michelle concedes, however, that counterclaims in the first action must await the time when TWE files an answer. Because TWE was entitled to seek dismissal of the first complaint rather than answering, that time has not yet come. Nor was it wholly inconsistent for TWE to contend the particular affirmative claims Ste. Michelle was advancing lack merit, while still recognizing there is a present and existing controversy regarding The Stag wine that needs resolution.

The gamesmanship accusations the parties are trading are not useful. At this juncture, the two cases have been related, and will proceed in tandem. Arguments as to whether there should be two cases or only one put form over substance and do not advance the ultimate resolution of the litigation. Accordingly, Ste. Michelle's motion to dismiss is also denied. Answers shall be filed in both cases within 15 days of the date of this order.

**IT IS SO ORDERED**.

Dated: January 27, 2017

RICHARD SEEBORG
United States District Judge

---

[1] *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)).